1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda J. Lane,<br><br>                    Plaintiff,<br><br>vs.<br><br>United States Department of the Interior;<br>Gale Norton, in her official capacity as<br>Secretary of the Interior; Fran Mainella, in<br>her official capacity as Director of the<br>National Park Service,<br><br>                    Defendants. | No. CV-04-1287-PHX-NVW<br><br>**ORDER** |

The Defendants' memorandum of July 22, 2005, filed pursuant to the court's order of June 28, 2005 (doc. #51), reports that they provided to Plaintiff the Federal Law Enforcement Training Center file on her. In her memorandum (doc. #79) filed pursuant to this court's order of September 28, 2005 (doc. #78), Plaintiff objects to the sufficiency of that production to satisfy her Privacy Act claim (part of count two of her Complaint) in that it does not contain her receipts of her guns and badges, law enforcement commission and LAME training records which Don Usher had previously reported would be in her file. She now objects to the sufficiency of the Defendants' search for her record because it is not stated that Mr. Usher, who was previously identified as the person with knowledge of her file, was contacted in connection with the search. The agency must "demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." *Zemansky v. EPA*, 767

1  F.2d 569, 571 (9th Cir. 1985).  The Supplemental Declaration of Holly Bundock, Exh. 43 to
2  Document #59, demonstrates that a reasonable, and indeed thorough, search was made for
3  the Federal Law Enforcement Training Center file on Plaintiff and she has been provided the
4  results.  That is all that is required.  Plaintiff does not question the adequacy of the
5  production of the other documents sought in count two.

6  IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment
7  (doc. # 26) is granted as to count two.

8  IT IS FURTHER ORDERED that, in accordance with this order and the order entered
9  June 28, 2005 (doc. # 51), the clerk enter judgment in favor of Defendants and that Plaintiff
10 take nothing.  The clerk shall terminate this case.

11 DATED this 28th day of November, 2005.

_____
Neil V. Wake
United States District Judge

- 2 -